IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HOLT TEXAS, LTD. d/b/a HOLT MANUFACTURING, <br>     Plaintiff, <br><br> v. <br><br> PIONEER WORKS, INC., <br>     Defendant. | § § § § § § § § § § | Civil Action No. 6:21-cv-1026 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW PLAINTIFF, HOLT TEXAS, LTD. d/b/a HOLT MANUFACTURING, complaining of PIONEER WORKS, INC. as follows:

**PARTIES**

1. Plaintiff is HOLT TEXAS, LTD. d/b/a HOLT MANUFACTURING ("Holt), a Texas limited partnership duly organized and existing under the laws of the state of Texas.

2. Defendant is PIONEER WORKS, INC. ("Pioneer Works"), a Delaware corporation with its principal place of business in San Francisco, California. Pioneer Works may be served with process by serving its registered agent, The Corporation Company, 555 Capital Mall, Suite 1000, Sacramento, CA  95814.

**JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, including interest and costs.

**CONDITIONS PRECEDENT**

4. All conditions precedent to filing suit have been performed.

## FACTS

5.  Holt sells, services and leases heavy equipment in North and South Texas. Additionally, Holt operates under several assumed names, including Holt Manufacturing ("Holt Mfg."). Holt Mfg. is located in Waco, Texas, and its primary business is manufacturing tanks of various sizes, as well as designing and fabricating packaging for industrial engines.

6.  Pioneer Works is the owner of a web-based business platform called Homebase. Through Homebase, business owners can track employee hours, manage payroll and projects. The platform also allows employees and managers to track their time and collaborate. Additionally, Homebase also provides a method for business owners and job seekers to connect through what it calls "hiring and onboarding."

7.  On or about June 7, 2021, Holt's Human Resources Department began receiving communications from individuals responding to help wanted postings for Holt Mfg. The posts appeared on Facebook's Jobs pages, and state that they were posted there via Defendant's Homebase platform. The jobs advertised had, in fact, once been open but had been filled as of June 7, 2021.

8.  The June, 2021 postings were neither authorized nor posted by Holt. June, 2021 was not the first time that an unknown individual(s) utilized the Defendant's web-based platform to make unauthorized and false advertisements for jobs. An unauthorized post for a Receptionist, also posted through Homebase, was live on Facebook's Jobs page as late as September 30, 2021.

9.  Each time an unauthorized advertisement for a job opening is posted on Facebook Jobs by one or more of the users of Defendant's platform, Plaintiff's employees are diverted from Plaintiff's business activities and instead have to expend resources responding to communications

from disappointed job-seekers, declining assistance from employment agencies, and reporting fraudulent posts.

10.     Plaintiff retained counsel to send a cease-and-desist letter to Defendant. Said correspondence was sent on June 9, 2021.  The cease-and-desist request was forwarded by e-mail, first class mail, and certified mail-return receipt requested, and was uploaded to Defendant via the Technical Support page on Homebase's website.

11.     As of the filing of this Complaint, Defendant has failed and refused, and continues to fail and refuse, to respond and/or prevent fraudulent advertisements for non-existent job openings from being posted on Facebook via Defendant's web-based platform.

12.     As a result of Defendant's failure to adequately control the use of its platform, Plaintiff has incurred damages as shown below.

### COUNT 1:  TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

13.     These fraudulent and intentional advertisements act as a discouragement to job-seekers disappointed to find that the jobs they are applying for do not exist.  These fraudulent postings also work to poison Plaintiff's bona fide efforts to fill real job openings by diminishing Plaintiff's credibility among prospective job seekers, which is an interference with business relationships.

14.     Defendant's failure to adequately control the use of its platform constitutes tortious interference with prospective relations with individuals in the Waco, Texas area who could potentially be employees of Plaintiff but for Defendant's acts.

15.     Defendant's actions proximately caused the injury, which Plaintiff has incurred and of which it now complains. This includes damage to the Plaintiff's reputation. These acts warrant the recovery of exemplary damages, and Plaintiff seeks the recovery of same.

## COUNT 2: DEFAMATION OF BUSINESS AND LOSS OF PRODUCTIVITY

16. By failing to adequately monitor or control its users activities on its platform, Defendant has published defamatory and false information regarding Plaintiff.

17. Plaintiff currently employs hundreds of people in the Waco, Texas area and is known in the community. The false advertisements which Defendant permits to distribute through its platform counteract and serve to defeat Plaintiff's professional public relations efforts in Waco, to Plaintiff's detriment. At worst, this conduct was done with malice, and at best, was negligent.

18. Furthermore, Plaintiff's Human Resources employees lose valuable time from their daily work by having to disappoint honest job seekers responding to fraudulent job postings on Defendant's platform. These vexatious, fraudulent postings result in lost productivity to Plaintiff and a loss of employment opportunities to Plaintiff.

## COUNT 3: BUSINESS DISPARAGEMENT

19. Defendant's conduct also includes publishing disparaging (patently false) statements about Plaintiff's economic interest vis-à-vis its ability to hire people to work for Plaintiff. These statements were published to an uncountable number of third parties.

20. Defendant either knew of the falsity of these statements or permitted the publication with a reckless disregard for whether the statements were true. These acts appear to show an intent by Defendant to interfere with Plaintiff's economic interests.

21. These actions have caused special, quantifiable damages to Plaintiff in the form of employee time that has been wasted on handling the repeated calls spawned from Defendant's postings.

22. Plaintiff also seeks the recovery of exemplary damages for this conduct.

## DAMAGES

23. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the following injuries and damages:

    a. Loss of prospective business relations;

    b. Loss of business reputation; and,

    c. Loss of its employee time and services.

## PRAYER

For these reasons, Plaintiff asks for judgment against Defendant, PIONEER WORKS, INC. for the following:

   a. Actual damages in excess of $75,000.00, including exemplary damages for the tortious conduct stated above;

   b. Costs of suit;

   c. Post-judgment interest and

   d. All other relief to which Plaintiff may show itself to be justly entitled.

**CALDWELL EAST & FINLAYSON PLLC**
One Riverwalk Place, Suite 1825
700 N. St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999

By: _____
ZACHARY J. FANUCCHI
State Bar No. 24028548
Email:  zfanucchi@ceflegalsa.com

**ATTORNEYS FOR PLAINTIFF**